UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

NHELTA KAYREN

        Plaintiff,

V.                                          CIVIL ACTION NO

PROFESSIONAL RECOVERY CONSULTANTS, INC.

Defendant.                                  OCTOBER 25, 2010

## COMPLAINT

1. Plaintiff seeks relief pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692; Md. Ann. Code <u>Commercial Law</u> Maryland Consumer Debt Collection Act. § 14-204 et seq. ("MCDCA"); and the Md. Ann. Code <u>Commercial Law</u> Consumer Practices Act § 13-301 et seq.

2. The Court's jurisdiction is conferred by 15 U.S.C.1692k and 28 U.S.C. 1331 and 1367.

3. Plaintiff is a natural person who resides in Ft. Washington, MD.

4. Plaintiff is a consumer within the FDCPA.

5. Defendant is a debt collector within the FDCPA.

6. Defendant is a collector within the MCDCA.

7. Defendant is a foreign corporation engaged in the business of collecting debts in the State of Maryland with a principal place of business located 2700 Meridian

Parkway, Suite 200, Durham, NC 27713 and is authorized to do business in Maryland.

8. The principal purpose of Defendant business is the collection of debts and Defendant regularly attempts to collect debts alleged to be due another.

9. Defendant communicated with Plaintiff or others on or after one year before the date of this action, in connection with collection efforts with regard to Plaintiff's disputed personal debt.

10. The Plaintiff contacted the Defendant via telephone on or about August 12, 2010 in an attempt to dispute a debt alleged by Defendant to be owed by Plaintiff.

11. Defendant through their collection agent advised the Plaintiff that she could not dispute the debt through the collection agency but was required to contact the creditor "BBNC", which statement is false deceptive and misleading (§1692e) and in violation of the procedures set out in the FDCPA's validation of debts clause §1692g.

12. The Defendant advised the Plaintiff that she could not dispute this debt, without consequences, including being sued by "BBNC", which statement is false, deceptive and misleading in violation of §1692e.

13. The Defendant intentionally lied to the Plaintiff stating if she disputed the account would be returned to "BBNC" and they would file suit against her.

14. Based on information and belief the defendant has reported this account to the credit bureaus, without note of the consumers dispute as required by §1692e(8).

15. In the collection efforts, the Defendant violated the FDCPA; inter alia, section 1692e, f and g.

SECOND COUNT:

16. The allegations of the First Count are repeated and realleged as if fully set forth herein.

17. Within three years prior to the date of this action Defendant has engaged in acts and practices as to Plaintiff in violation of the Md. Ann. Code <u>Commercial Law</u> Maryland Consumer Debt Collection Act § 14-204 et seq. ("MCDCA").

18. Defendant has committed unfair or deceptive acts or practices within the meaning of the Md. Ann. Code <u>Commercial Law</u> Consumer Practices Act § 13-301 et seq.

WHEREFORE Plaintiff respectfully requests this Court to:

1. Award Plaintiff statutory damages pursuant to the FDCPA.

2. Award Plaintiff statutory damages pursuant to MDCDCA.

3. Award Plaintiff costs of suit and a reasonable attorney's fee.

4. Award such other and further relief as this Court may see fit.

                                    THE PLAINTIFF

                                    BY/S/Bernard T. Kennedy
                                    Bernard T. Kennedy, Esquire
                                    The Kennedy Law Firm
                                    P.O. Box 657
                                    Edgewater, MD 21037
                                    Ph   (443) 607-8901
                                    Fax (443) 607-8903
                                    Fed. Bar # Md26843
                                    bernardtkennedy@yahoo.com